IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kenneth Ball, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-cv-00660 |
| ) | |
| Harvard Collection Services, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, Kenneth Ball, by and through counsel, Thomas R. Applewhite, and states the following:

## INTRODUCTION AND JURISDICTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which regulates debt collectors.

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

3. Venue is appropriate in this Court pursuant to 15 U.S. Code § 1692i(a)(2)(B) because Plaintiff resides in St. Clair County, Illinois.

## PARTIES

4. Plaintiff is a natural person currently residing in St. Clair County, Illinois and works in St. Louis City, Missouri. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

5. Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois.

6. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect alleged debts owed.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Illinois. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Defendant's collection activity includes reporting a negative collection item on Plaintiff's credit reports.

10. Plaintiff's credit report indicated an alleged debt comprised of a delinquent Illinois Department of Human Services Account in the amount of $1,330.

11. Prior to reviewing his credit report, Plaintiff had never heard of or received written communications from Defendant.

12. Plaintiff's initial communication with Defendant took place via telephone on or around July 1, 2014 while Plaintiff was on a work break.

13. Because Defendant never sent Plaintiff a letter explaining Plaintiff's rights pursuant to 15 U.S.C. § 1692g, those rights remained in full effect throughout Defendant's collection activity.

14. Likewise, because Plaintiff had never received a letter, his 30-day statutory dispute period provided by 15 U.S.C. § 1692g had not yet begun to toll.

15. During the conversation, Plaintiff disputed the alleged debt. In response, Defendant demanded immediate payment and told Plaintiff that he was "skating on thin ice."

16. Defendant further stated that Defendant was going to continue reporting this matter, and, unless the account was resolved, this reporting would prevent Plaintiff from getting a "job, house and car."

17. Afterwards, Defendant even told Plaintiff that Defendant could take legal action, seize Plaintiff's property and garnish Plaintiff's wages if Plaintiff decided not to pay and nothing "gets in soon."

18. These numerous assertions made by Defendant were false or misleading and were tactics or misrepresentations intended to coerce or deceive Plaintiff into paying the alleged debt.

19. Defendant's conduct caused Plaintiff to believe that he could not exercise his Section 1692g dispute rights or that such an exercise would not be honored, and that he had to pay the alleged debt within the dispute period.

20. By taking these actions, Defendant overshadowed Plaintiff's rights to dispute, validate and verify the debt during the phone conversation.

21. To date, many months later, Defendant has never sent a validation notice to Plaintiff, even though Defendant is required to send Plaintiff such a notice within five days of the initial communication.

22. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney fees, garden variety emotional distress and denial of credit.

**COUNT I: VIOLATION OF THE FDCPA**

23. Plaintiff realleges and incorporates by reference the above paragraphs.

24. Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.* including, but not limited to the following:

    a. Engaging in false, misleading or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692d-f;

    b. Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. 1692g;

    c. Utilizing unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f;

    d. Attempting to collect interest, fees, charges and expenses not permitted by law or expressly authorized by the contract creating the debt in violation of 15 U.S.C. § 1692f;

    e. Failing to send Plaintiff the 30 day validation notice within 5 days of the initial communication in violation of 15 U.S.C. § 1692g; and

    f. Threatening to take legal action that it cannot legally take or did not intend to take in violation of 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Release of the alleged debt;

    D. Statutory damages, costs, litigation expenses and attorney fees pursuant to 15 U.S.C. § 1692(k); and

    E. For such other relief as the Court may deem just and proper.

Plaintiff, Kenneth Ball, demands a jury trial on all issues so triable in this case.

Respectfully submitted,

**DONNER APPLEWHITE, ATTORNEYS AT LAW**

By: /s/ Thomas R. Applewhite
Thomas R. Applewhite, #6310947
1108 Olive Street, Suite 200
St. Louis, Missouri 63101-1949
Phone: (314) 240-5351
Facsimile: (888) 785-4461
Email: tom.applewhite@da-lawfirm.com

*Attorneys for Plaintiff*